Case No. 18-3075, United States of America v. Dirk James James, also known as T.J. Ellis Mr. Arthur M. Ellis, Mr. Grassley, please come forward. In this case, there has been a motion for sealing of the courtroom, and we disfavor closing any proceedings or briefing by the court. We have provided for open court to address the issues that can be addressed in that way, and we have provided for a period following that when we are prepared to close the courtroom as needed. However, we will, at the beginning of the closure, we will close, and we will address the question of the necessity for closing before we proceed to talk about any aspects of the case, because we do have a strong presumption of open proceedings, and we want to satisfy ourselves that there is some need. And I believe the counsel are aware of this, and that's for the benefit of the public. So in the open proceeding, we will have argument from Mr. James' counsel. We'll have argument from the government. You can rebut on the issues that we're addressing in this format, and then we'll take a brief break and come back for a sealed proceeding. Thank you, Your Honor. Mr. Hart. Please, Your Honor. My name is Dennis Hart, and I'm here on behalf of Mr. James today. The issue that I first wish to address, the 3583 issue, is very short. The question we have is the applicability of Mr. James' additional revocation supervision to parts of 3583, specifically 3583H. I recognize that the government makes a compelling argument that the language of otherwise provided that was added, I think, in 2002, and considered by this Court in the cases of Epps and Johnson, foreclosed the argument that 3583B can be argued differently. But our argument is not a 3583B, it's a 3583H, which I think both parties agree this Court has never considered. I'm unable to find any other courts that have considered it. We consider the H section to be a limitation on the district court in the situation of a revocation imposing a new supervised release after a revocation. It's a limitation on the district court. I'm sorry. You are not relying on the 5-year maximum from 3583B? That's correct, Your Honor. Just relying on H? That's correct, Your Honor. Okay. So where do you get the maximum in H? Well, the H, I don't think, directly addresses the maximum. 83H directs the Court to make a calculation based on the new term of imprisonment and the new term of supervised release imposed. If H doesn't provide a maximum and you're not relying on B, why isn't that the end of your case? Because There's no legal prohibition on the time that the district court chose. On the time, no. But on the way it's arrived at, yes. On the way it's Arrived at, the procedure. We believe that H, as I said, provides not just a limitation on the district court, but a protection for the defendant so that he knows what he's getting. The regimen the government proposes in this area would be something like life versus 48 months. So, I'm sorry, what should the district court have done differently if the actual term was not too high? It should have either indicated that it is not following the H section, because as some of the courts under the B section have concluded, drug offenses under Title XXI are a carve-out to the guidelines. It is following H, though. H authorizes a second term of supervised release following the revocation. Agreed, Your Honor. But in the following So you need some affirmative prohibition on the term that the district court chose? Or some procedural rule that you say the district court violated? H has a procedure that the district court did not follow in this case. Okay, and what's that? I believe it's the last two sentences. It says, The length shall not exceed the term authorized by statute for the underlying offense less any term of imprisonment that was imposed. Yes. And that just creates the substantive question about, what is it? Whether life minus 46 months is something lower than what your client got here. Well, I think the guidelines, the goal of the guidelines is to provide a determinative sentence. That certainly is not a determinative sentence. But what's the procedural? You said you're relying on some procedural rule in H that you say was violated. Apart from the question whether life minus 46 is an enforceable upper limit that was violated. What's the procedural violation? I think Your Honor just read it, that it has to be a calculation. So it's the procedural failure to spell out how she arrives at the 46 months She didn't say, well, the maximum or the allowable supervised release here is life. And I have to take away from that the period of incarceration. And so what I'm arriving at is life minus 46. So she didn't spell that out. Correct, Your Honor. That's the defect. Correct, Your Honor. Because if she did, we'd have another argument. And that is that that's a sentence that doesn't make any sense under the guidelines. And it's a non-guideline sentence that requires other issues. What if we conclude as a substantive matter that life minus 46 months is life, which is greater than the term your client received? I don't think I can argue with that. Okay. So then the remand would be for what purpose? For trial counsel to For the district court to say life minus 46 equals life. Yes. But then I believe the trial court would get input from the Bureau of Prisons. That doesn't fit in the Bureau of Prisons form for supervised release or the probation department. So that's an odd sentence to begin with. So you said that that would create the framework for an argument that it doesn't make any sense under the guidelines? Yes. Is that a substantive argument? Yes, I think it is. And the nature of it is? Is the guidelines in H implicate the goal of the guidelines is to have a determinative sentence. Everyone knows how many months a person is going to be in, less good time. And a sentence that is life minus whatever is not a determinative sentence as contemplated under the guidelines. It's a non-guideline sentence. If life is determinate, why isn't life minus 46, which equals life, equally determinate? Well, because for a 51-year-old man, there is a great deal of uncertainty in what that means. And how about your other arguments? The other one is, the final one is, is that the government is correct in their recitation of the history of the B section. We don't dispute that. But it raises the prospect that Congress also had the opportunity to input that language, the otherwise provided language, it's in B, into H, and they did not. One can make the assumption then that Congress did not intend to make the carve-out for drugs applicable in an H calculation. Anyone wish to submit? Thank you. Good morning. May it please the Court. Adam Braskich for the United States. Your Honors, the government's position is that it is impossible to complete the calculation under Section 3583H without determining what the maximum would be, because that is the first step in the calculation. And this Court held in Johnson and Epps that that maximum under 841B1A can, in fact, exceed five years. And every Court that has addressed it expressly has found that the maximum is life. So if, in fact, the maximum period that can be imposed at original sentencing is life, then we are left with a calculation of life minus 46 months, as this Court pointed out, which conceptually makes very little sense. And that is what led three or four different circuit courts that have addressed this very precise question to say that this is evidence that Congress didn't intend for the subtraction calculation in paragraph H to be performed at all. Assuming, for argument's sake, that the calculation was supposed to be performed, the appellant must establish plain error on this point, given that there was no objection to this supervised release term below. And our position is that, at the very least, there's no plain, obvious error in the Court failing to make this rudimentary calculation. As the Second Circuit pointed out in Cassis, it would have been very easy for the Court to circumvent whatever benefit the appellant hoped to gain by having this calculation performed. It could have just picked a long term of years, subtracted 46 months, and had plenty of room to impose a 48-month term of supervision. It's also difficult to conceive of what prejudice the defendant would have suffered. One proposed approach that the defendants in some of those circuit cases like Cassis had proposed is that perhaps the Court could convert life to some term of years and then subtract the 46 months. But if that were done in this case, whatever that term would be, it would certainly be long enough to leave the Court with enough time left over. I think that's right. But Mr. Hart would say that the structure of the inquiry that the provision requires is to focus the mind of the district court on deciding what an appropriate period of supervised release might be in this case, precisely as your argument suggests, and then to take away from that the period that she's assigned for incarceration. And that going through those motions actually, I mean, you know, you posit that it would be easy to circumvent, but I think we assume that the district judges are not trying to circumvent. They're trying to structure their thinking about what's appropriate. And so why isn't it an important step for the district court to first say, okay, what would, within the bounds of what's available to me, what would be an appropriate period, and then walk it back from there? I mean, I think ultimately, Your Honor, the district court is left with the discretion to determine how long a period of supervised release it thinks the defendant should serve after he gets out of prison. And I understand Your Honor's question that if the court were to first take the 48-month period and then subtract, say, 46 or whatever number they would start with, then that might lead it to a different conclusion. But I think ultimately what paragraph H is doing is it's intended to limit how long a period of supervised release the district court can impose only in certain cases where there is a statutory maximum. And when there isn't one, it's clear that Congress and the Sentencing Commission did not intend for the district court's hands to be tied in terms of how long a period of supervision could be tacked on to the end of whatever term of incarceration was imposed. So our position would be that the district court properly exercised its discretion in imposing both the prison term but then the four years of supervised release after that. And I would add, Your Honor, that under the plain error standard, there's likely no prejudice or miscarriage of justice with this 48-month term of supervised release because the other court that I won't get into for reasons of the ceiling, but it imposed its own supervised release period that was longer than that. So if anything, he just ended up with two concurrent, similarly length, supervised release periods. So there's not much harm that he suffered in having to just be honest. But they were consecutive. I don't believe they were consecutive. I think that the district court indicated that her period was taking the place of what the other court did. We can certainly double-check that. But I think that what Appellant is going to do is serve these 46 months and then be concurrently on supervision to both of these judges. And if I could just touch briefly on the other arguments that Appellant advances in his brief on this point, he argues that this supervised release period is an upward departure from the guidelines. But that argument rests on a misreading of the First Circuit case that he cites, that in Cortez-Claudio, the First Circuit was looking at a case of original sentencing where the court imposed a 10-year term and found that that exceeded the 5-year cap that appears in the guidelines provision 5D1.2. But it is actually an entirely separate guidelines provision that governs imposition of supervised release periods upon revocation. That's 7D1.3 paragraph G2. And that provision just mirrors 3583H. So it gets us right back to the beginning of the analysis. And lastly, he argues that notice and a precise statement of reasons were required under Rule 32H. But Rule 32H only applies to sentences that exceed the guidelines. So for the same reasons, the sentence did not exceed the guidelines because it's that 7B1.3 section that applies. And the maximum that can be imposed upon revocation is life just as it is at original sentencing. Just, it would be helpful to have clarification at some point. What I'm referring to in terms of consecutive versus concurrent is in the appendix at 145. But that's, we can talk about that in the next session. And if there are no further questions, ask that the judgment of the disreport be deferred. Mr. Hurd, did you want about an hour or not? We'll submit it. Pardon? We'll submit it. Okay. So we're in recess for closing for about five minutes. Thank you.
judges: Pillard, Wilkins, Katsas